UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN JOSEPH,<br><br>Plaintiff,<br><br>-against-<br><br>MULLIGAN SECURITY DBA PROTOS SECURITY LLC; RAFAEL ESCOBAR, ELVIS NAVARRO,<br><br>Defendants. | 1:25-CV-3104 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff Marvin Joseph, who appears *pro se*, brings this action asserting claims of retaliation and of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). He seeks unspecified relief. Plaintiff sues: (1) Mulligan Security ("MS"), doing business as Protos Security LLC, which appears to be his former employer; (2) Rafael Escobar, an MS "security manager"; and (3) Elvis Navarro, an MS "nightshift manger." The Court understands Plaintiff's complaint as asserting claims of retaliation and of employment discrimination against MS under Title VII[1] and comparable claims against MS and against the individual Defendants under state law, including under the New York State and City Human Rights Laws. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

[1] The Court understands Plaintiff's Title VII claims as brought against only MS because such claims cannot be brought against individuals. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following facts are drawn from the complaint[2]: The events that are the basis for Plaintiff's claims occurred at a building known as One Manhattan West, located in New York, New York, between June 2024 and November 2024. Plaintiff, who describes himself as a Catholic Christian, worked for MS as an indoor security officer during that period until he was terminated on November 2, 2024. He "observed coworkers regularly performing rituals for underworld spirits at the lunch table in [MS's] breakroom." (ECF 1, at 9.) Plaintiff states that, "[e]very night[,] between 7PM and 9PM[,] the janitorial staff and security staff perform[ed] religious rituals by surrounding the lunch table . . . . They ha[d] bananas, cantaloupe, and mixed nuts together in the middle of the lunch table in the breakroom." (*Id.* at 10.) Those individuals had "discussion[s] and they [did not] necessarily eat the fruits[;] it[] [was] about 10 of them having a discussion about rituals and beliefs they have."[3] (*Id.*) Plaintiff states that his "beliefs are the Holy Bible and . . . [he is] offended . . . [by] certain things that . . . [went] on and it[] [a]ffect[ed] [him] personally." (*Id.*) He also alleges that "[t]hey [were] talking about certain things that they disagree with the Bible [about] during their discussions and about spirits and it[] [was] offensive to [him]." (*Id.*)

Plaintiff also alleges that Escobar, a security manager, mentioned that he knew that Plaintiff was a Catholic. Plaintiff states that "[t]he majority of the security staff are Muslim[s]." (*Id.*) Escobar "stated many times he [felt] that [Plaintiff] would be a great candidate to join his

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

[3] Plaintiff states that those other employees were "on their break time discussing their beliefs[,] [specifically,] [s]pirits that [he does not] believe in and spirits that [he had] heard of growing up." (ECF 1, at 10.)

Muslim group. This happened over four times in the locker room before [Plaintiff's] shift in June and July of 2024." (*Id.*)

Navarro was "the security manager responsible for all the indoor security for the location." (*Id.* at 9.) Plaintiff states that, "[s]ometimes, . . . Navarro change[d] his attitude throughout the day. He blurt[ed] it out throughout the day." (*Id.*) Plaintiff would go to a gym before he would go to work, and he "believe[s] that . . . Navarro ha[d] the workers that he knows at the gym harass [Plaintiff]." (*Id.*) Plaintiff also asserts that, "[w]hen . . . Navarro [left] the front desk, he [went] down[s]tairs and destroy[e]d [Plaintiff's] property. He cut[] up [Plaintiff's carry-on] bag[] and suitcase [that held Plaintiff's] uniform and he slice[d] [Plaintiff's] belongings when [Plaintiff was] on shift . . . ." (*Id.* at 10.) Navarro also "cut[] the soles of [Plaintiff's] running shoes. [Plaintiff] believe[s] [that Navarro did] these things because he is mentally ill." (*Id.*) Plaintiff was informed that Navarro was "behind the [abovementioned] ritual meetings." (*Id.*)

Plaintiff filed a complaint with MS in August 2024. Navarro then asked him what was bothering him. Plaintiff told him that he did not agree with a colleague; Plaintiff also spoke to another employee about yet another employee named Terrell who was "troubling [Plaintiff] on a daily basis. . . . [and] caused damage to [Plaintiff's] property." (*Id.*) Terrell would follow Plaintiff and also make comments to him like, "'You're not good,'" or "'We're with Elle Joseph," who is a relative of Plaintiff's. (*Id.*)

Plaintiff asserts that he was discriminated against because of his religion and retaliated against for complaining about Terrell.

## DISCUSSION

### A. Title VII claims of discrimination

The Court must dismiss Plaintiff's claims of discrimination under Title VII, which prohibits an employer from discriminating against an employee or a potential employee because

of that person's race, color, religion, sex, or national origin. *See* 42 U.S.C. §2000e-2(a). To state a claim of employment discrimination under that statute, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff alleges insufficient facts to state a claim of discrimination under Title VII. He simply does not allege sufficient facts to show that his race, color, religion, sex, or national origin was a motivating factor in MS's decision to take an adverse employment action against him, namely, to terminate him. He alleges that other employees gathered together during breaks to discuss and practice their own religious rituals and that he disagreed with their practices. He also alleges that a supervisor tried to recruit him to become a Muslim. But, to the extent that he asserts Title VII claims of religion-based discrimination, he alleges nothing to suggest that his religion was a motivating factor in MS's decision to take an adverse employment action against him, that is, terminate him. The Court therefore dismisses such claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to state a claim of discrimination under Title VII.

**B. Title VII claims of retaliation**

Plaintiff has also failed to state a claim of retaliation under Title VII. To state such a claim, a plaintiff must allege facts showing that: "(1) [the] defendant[] discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice" under Title VII. *Vega*, 801 F.3d at 90 (quoting 42 U.S.C. § 2000e-3(a)).

"[F]or an adverse retaliatory action to be 'because' a plaintiff [opposed an unlawful employment practice], the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action. It is not enough that retaliation was a 'substantial' or 'motivating' factor in the employer's decision." *Id.* at 90-91 (internal quotation marks and citations omitted).

Plaintiff alleges nothing that shows that, but for his opposition to an unlawful employment practice under Title VII, he would not have been discriminated against or had an adverse employment action taken against him. Plaintiff alleges that he made a complaint about other employees' actions, but, as discussed above, those actions do not appear to have been unlawful employment practices under Title VII. *See supra* at 5. But even if they were, Plaintiff does not allege anything to show that, but for his opposition to such practices, he would not have been discriminated against or, as alleged, suffered an adverse employment action, specifically, his termination. The Court therefore dismisses Plaintiff's Title VII claims of retaliation for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead such claim in an amended complaint in which he alleges facts sufficient to state such a claim.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state valid claims under Title VII, the Court grants Plaintiff 30 days' leave to file an amended complaint, as specified above.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each Defendant. If Plaintiff has an address for any named Defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each Defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

### C. Referral to SDNY Federal Pro Se Legal Assistance Project

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves with civil cases filed in this court.[4] Appointments can be scheduled by completing the CBJC's intake form. If Plaintiff is not able to complete this form, or if he has questions about the form, he may call (212) 382-4794. A flyer with details is attached.

## CONCLUSION

The Court grants Plaintiff 30 days' leave to file an amended complaint as specified above. If Plaintiff does not file an amended complaint within the time allowed, the Court will issue an order and judgment dismissing this action. The effect of such an order and judgment will be dismissal of Plaintiff's Title VII claims against MS for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). An additional effect such an order and judgment will be that the court declines to consider, under its supplemental jurisdiction, Plaintiff's state-law claims against MS and against the individual Defendants. *See* 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated: October 23, 2026
New York, New York

Louis L. Stanton
Louis L. Stanton
U.S.D.J.

[4] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.